UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-00038-TWP-MG-4 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSE LUIS MEDINA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07-cr-00038-TWP-MG |
| | ) |
| JOSE LUIS MEDINA, | ) -04 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Jose Luis Medina ("Medina") seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 343. For the reasons explained below, Medina's motion is **denied**.

**I. Background**

In 2009, a jury convicted Medina of Count I: conspiracy to distribute in excess of 500 grams of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 190. The Court sentenced him to 350 months of imprisonment, followed by 5 years of supervised release. Dkt. 227.

Medina filed his motion for compassionate release pro se.[1] Dkt. 343. In his submission, he argues that he establishes extraordinary and compelling reasons for compassionate release because, even though he does not believe that he has any health conditions that put him at risk of severe illness if he contracts COVID-19, Medina still remains at risk of contracting the virus. He next argues that the BOP's handling of the pandemic, and the difficult nature of the years he has served thus far, are extraordinary and compelling reasons to grant release. Finally, Medina would like to be released so he can return to Mexico to care for his ill mother. The United States filed a brief in opposition to the motion, dkt. 348, and Medina did not file a reply. The motion is thus ripe for the Court's ruling.

---

[1] The Court notes that in his motion, Mr. Medina also sought relief pursuant to 18 U.S.C § 3582(c)(2). Dkt. 343 at 4. The Court has already denied that portion of his motion. Dkt. 352.

2

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Medina's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Medina is fully vaccinated, dkt. 343 at 8, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Medina "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022

3

WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). For these reasons, the Court declines to exercise its discretion to find that Medina has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or with any other reason. *Barbee*, 25 F.4th at 533.

Medina next argues that the BOP has mishandled the pandemic and as a result the last two years of his sentence have been more difficult than the Court anticipated at sentencing. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Medina's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up); *United States v. Montez*, No. 22-1988, 2023 WL 3431239, at *2 (7th Cir. May 12, 2023) (medical issue can be addressed through vehicles other than compassionate release) (cleaned up).

Every inmate at Medina's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past few years. Medina has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, the Court declines to exercise its discretion to find that Medina carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Finally, Medina argues that his desire to help care for his ailing mother is an extraordinary and compelling reasons to grant him compassionate release. While the Court is sympathetic to the medical conditions of Medina's mother and his desire to help care for her, the Court declines to exercise its discretion to find that that is an extraordinary and compelling reason to grant him release, whether considered alone or together with any other reason. Medina has not provided any evidence that he is the only possible caregiver for his mother. Even if he had provided such evidence, however, many inmates have sick or aging family members whom they might like to support. The desire to care for an elderly or ill family, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

In sum, the Court does not find that any of the arguments made by Medina establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Medina's motion for compassionate release, dkt. [343], is **denied**.

**IT IS SO ORDERED.**

Date: 7/18/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jose Luis Medina
Register Number: 09086-028
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640